UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KERRY L. SMITH,<br><br>    Petitioner,<br><br>        v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | Civil No. 15-cv-1418-JPG<br><br>Criminal No 07-cr-40038-JPG |

## MEMORANDUM AND ORDER

This matter comes before the Court on petitioner Kerry L. Smith's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 1). The petitioner was charged with conspiring to distribute and possess with intent to distribute 100 kilograms or more of marihuana (Count 1), engaging in a monetary transaction worth more than $10,000 in criminally derived property (Count 2), social security fraud (Count 3) and making false statements (Counts 4 and 5). The petitioner pled guilty to Counts 3, 4 and 5 in an open plea on November 3, 2011, before this Court, and to Counts 1 and 2 in an open plea on March 8, 2012, by written consent before now-retired Magistrate Judge Philip M. Frazier, who then recommended that the Court accept the plea. Having received no objection to Magistrate Judge Frazier's recommendation, on May 31, 2012, the Court accepted the petitioner's guilty plea to Counts 1 and 2.

In February 2013 the Court sentenced the petitioner to serve 150 months in prison. In connection with his conviction, the Court ordered the petitioner to pay restitution and ordered the forfeiture of some of the petitioner's personal and real property as property constituting, or derived from, the proceeds of his commission of Count 1. The petitioner appealed his conviction to the United States Court of Appeals for the Seventh Circuit, which on October 24, 2014, affirmed the Court's judgment. *See United States v. Smith*, 770 F.3d 628 (7th Cir. 2014). The petitioner did

not seek a writ of *certiorari* from the United States Supreme Court. In September 2015, the Court reduced the petitioner's sentence of imprisonment to 125 months based on the retroactive application of Amendment 782 to the United States Sentencing Guideline Manual. The petitioner is currently serving his term of supervised release.

In his § 2255 motion, timely filed on December 28, 2015, the petitioner raises the following claims of ineffective assistance of counsel in violation of his Sixth Amendment rights:

Ground 1: In connection with the restitution and forfeiture proceedings, counsel Beau Brindley failed to investigate and present evidence that the property forfeited was derived from legitimate sources;

Ground 2: Brindley failed to interview witnesses (Jewell Marshall, Lanenia Kind, Tyree Neal, Sr., Catrina Smith and others) who would have testified at trial in Smith's favor and was not prepared to go to trial, forcing Smith to plead guilty when he did not want to; and

Ground 3: Brindley failed to communicate with Smith about relevant matters relating to his case, including not reviewing the plea agreement with him until the morning of his change of plea hearing, not explaining the effect of the plea agreement or his right to have the plea taken by an Article III judge, refusing to respond to letters and phone calls or to visit Smith, and sometimes failing to appear in court.

As a preliminary matter, the Court notes that it has jurisdiction to entertain this motion even though Smith is serving his term of supervised release. A § 2255 motion may only be brought by "[a] prisoner in custody under sentence of a court established by Act of Congress." 28 U.S.C. § 2255(a). Courts have interpreted this custody requirement to mean the petitioner must have significant restraints on his personal liberty, but not necessarily that he be incarcerated. *Virsnieks v. Smith,* 521 F.3d 707, 717-18 (7th Cir. 2008). Supervised release imposes sufficient restraints to be considered a form of custody sufficient to allow a petitioner to bring a § 2255 motion. *See Clarke v. United States,* 703 F.3d 1098, 1101 (7th Cir. 2013). Therefore, the Court has jurisdiction to decide this § 2255 motion.

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court has determined that it is plain from the motion and the record of the prior proceedings that the petitioner is not entitled to relief on any grounds asserted.

## I. § 2255 Standard

The Court must grant a § 2255 motion when a defendant's "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255. However, "[r]elief under § 2255 is available 'only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice.'" *United States v. Coleman*, 763 F.3d 706, 708 (7th Cir. 2014) (quoting *Blake v. United States,* 723 F.3d 870, 878-79 (7th Cir. 2013)), *cert. denied*, 135 S. Ct. 1574 (2015). It is proper to deny a § 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively demonstrate that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see Sandoval v. United States*, 574 F.3d 847, 850 (7th Cir. 2009).

Smith's arguments for § 2255 relief all allege his counsel was constitutionally ineffective in violation of his Sixth Amendment rights. The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. This right to assistance of counsel encompasses the right to *effective* assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771, n. 14 (1970); *Watson v. Anglin*, 560 F.3d 687, 690 (7th Cir. 2009). A party claiming ineffective assistance of counsel bears the burden of showing (1) that his counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688-94 (1984); *United States v. Jones*, 635 F.3d

3

909, 915 (7th Cir. 2011); *Wyatt v. United States*, 574 F.3d 455, 457 (7th Cir. 2009); *Fountain v. United States*, 211 F.3d 429, 434 (7th Cir. 2000).

To satisfy the first prong of the *Strickland* test, the petitioner must direct the Court to specific acts or omissions of his counsel. *Wyatt*, 574 F.3d at 458. The Court must then consider whether, in light of all of the circumstances, counsel's performance was outside the wide range of professionally competent assistance. *Id.* The Court's review of counsel's performance must be "highly deferential[,] . . . indulg[ing] a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689; *accord Wyatt*, 574 F.3d at 458. Counsel's performance must be evaluated keeping in mind that an attorney's trial strategies are a matter of professional judgment and often turn on facts not contained in the trial record. *Strickland*, 466 U.S. at 689. The Court cannot become a "Monday morning quarterback." *Harris v. Reed*, 894 F.2d 871, 877 (7th Cir. 1990).

To satisfy the second prong of the *Strickland* test, the plaintiff must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different, such that the proceedings were fundamentally unfair or unreliable. *Jones*, 635 F.3d at 915; *Fountain*, 211 F.3d at 434; *Adams v. Bertrand*, 453 F.3d 428, 435 (7th Cir. 2006). "A reasonable probability is defined as one that is sufficient to undermine confidence in an outcome." *Adams*, 453 F.3d at 435 (citing *Strickland*, 466 U.S. at 694).

In a case where a petitioner pled guilty as a result of alleged ineffective assistance of counsel, to satisfy the first prong of the *Strickland* test, the petitioner must show that his counsel's advice leading to the plea was outside the range of professionally competent assistance. *Hill v. Lockhart*, 474 U.S. 52, 56-57 (1985) (citing *McMann*, 397 U.S. at 771); *Tollett v. Henderson*, 411

U.S. 258, 267 (1973)). To satisfy the second *Strickland* prong, he must show that there is a reasonable probability that, but for his counsel's deficient performance, he would not have entered a guilty plea and instead would have gone to trial. *Hill*, 474 U.S. at 58; *United States v. Parker*, 609 F.3d 891, 894 (7th Cir. 2010); *Wyatt*, 574 F.3d at 458 (7th Cir. 2009); *Richardson v. United States*, 379 F.3d 485, 487 (7th Cir. 2004). Counsel's deficient performance must have been a decisive factor in the defendant's decision to enter a guilty plea. *Wyatt*, 574 F.3d at 458; *see Julian v. Bartley*, 495 F.3d 487, 498 (7th Cir. 2007). To make such a showing, the petitioner must present objective evidence that he would not have entered a guilty plea; his own self-serving testimony that he would have insisted on going to trial is not enough. *Koons v. United States*, 639 F.3d 348, 351 (7th Cir. 2011); *McCleese v. United States*, 75 F.3d 1174, 1179 (7th Cir. 1996) (citing *Toro v. Fairman*, 940 F.2d 1065, 1068 (7th Cir. 1991)); *see Wyatt*, 574 F.3d at 458 (stating "a defendant's mere allegation that he would have chosen a path other than the conditional plea is insufficient by itself to establish prejudice.").

**II.** **Analysis**

    A.    <u>Ground 1</u>

In Ground 1, Smith challenges counsel's effectiveness only in connection with the restitution and forfeiture orders. Such non-custodial aspects of sentencing, however, do not present the type of serious error cognizable in a § 2255 proceeding. *United States v. Sloan*, 505 F.3d 685, 697 (7th Cir. 2007); *Barnickel v. United States*, 113 F.3d 704, 706 (7th Cir. 1997). The Court therefore rejects Ground 1 as a basis for § 2255 relief.

    B.    <u>Ground 2</u>

Smith argues that Brindley was deficient because he failed to contact numerous witnesses

who would have testified in his favor at a trial (Jewell Marshall, Lanenia Kind, Tyree Neal, Sr., Catrina Smith and others) and prepare for trial in the summer of 2011. He asserts he pled guilty in November 2011 to Counts 3, 4 and 5 as a consequence of those deficiencies.[1]

It is true that an attorney has "a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Strickland v. Washington*, 466 U.S. 668, 691 (1984); *accord Wiggins v. Smith*, 539 U.S. 510, 521 (2003); *Warren v. Baenen*, 712 F.3d 1090, 1097 (7th Cir. 2013); *Adams v. Bertrand*, 453 F.3d 428, 436 (7th Cir. 2006). However, in order to prove prejudice from an attorney's deficient investigation, he must point to "sufficiently precise information, that is, a comprehensive showing as to what the investigation would have produced." *Hardamon v. United States*, 319 F.3d 943, 951 (7th Cir. 2003) (internal quotations and citation omitted); *accord Richardson v. United States*, 379 F.3d 485, 488 (7th Cir. 2004). He cannot rely on vague allegations that the investigation was insufficient or would have yielded favorable evidence. *See Hardamon*, 319 F.3d at 951. Here, Smith names specific witnesses he believes Brindley should have contacted, but he fails to even hint at any specific testimony that would have been available from those witnesses that, had Smith gone to trial, would have had a reasonable chance of convincing the jury that he was not guilty of any of the charges against him.

More importantly, Smith has not provided anything other than his own self-serving statements that, had Brindley interviewed these witnesses and been otherwise prepared to go to

---

[1] The Court notes that, in Ground 2, Smith does not complain that his guilty pleas to Counts 1 and 2 were tainted by ineffective assistance of counsel. He only complains that counsel's lack of preparation for a trial scheduled for August 2011 caused him to plead guilty. The trial for Counts 1 and 2 was scheduled for more than three months after his November 2011 plea (Doc. 198), and Smith does not allege counsel was unprepared for that trial.

trial, Smith would not have pled guilty to Counts 3, 4 and 5 and would have gone to trial on those counts.   First, the exigency Smith describes in his motion as pressuring him into pleading guilty simply did not exist.   On July 28, 2011, the Court continued the trial to November 2011, so Brindley's lack of preparation for an August 2011 trial was irrelevant (Doc. 180).   Furthermore, the objective evidence shows that Smith's guilty plea was in his own self-interest at the time.   As of November 3, 2011, the date on which Smith pled guilty to Counts 3, 4 and 5, Smith's Initial Presentence Investigation Report ("PSR") (Doc. 78), prepared in connection with a prior sentencing in this same case, indicated he would be eligible for a 3-point reduction in offense level for acceptance of responsibility under U.S.S.G. § 3E1.1(a).[2]   Additionally, as the Government set forth at the plea hearing, it had evidence it believed would establish Smith's guilt of Counts 3, 4 and 5.   Thus, at the time of his plea, it appeared to be advantageous for Smith to plead guilty in order to obtain a lower offense level, and Smith has not pointed to any objective evidence now why he would have acted contrary to his interests at that time.

Additionally, Smith testified under oath at his November 2011 plea colloquy that he was satisfied with Brindley's representation and – twice – that he was pleading guilty as his own free and voluntary act.   "Representations and admissions made by a defendant in a plea agreement and during a change of plea hearing are . . . entitled to 'a presumption of verity.'"   *United States v. Loutos*, 383 F.3d 615, 619 (7th Cir. 2004) (quoting *United States v. Pike*, 211 F.3d 385, 389 (7th Cir. 2000)); *Bridgeman v. United States*, 229 F.3d 589, 592 (7th Cir. 2000).   The petitioner bears

---

[2] As of March 8, 2012, the date on which Smith pled guilty to Counts 1 and 2, an early revision of his PSR – the First Revised PSR (Doc. 199) – likewise indicated he would be eligible for an acceptance reduction.   Smith did not, in fact, receive any offense level reduction for acceptance of responsibility because of continuing fraudulent activity he conducted from jail while awaiting the resolution of his case.   This did not come to light until after his two plea colloquies and was first reflected in the Fourth Revised PSR (Doc. 223), which was filed September 17, 2012.

a heavy burden of overcoming that presumption. *See United States v. Hardimon*, 700 F.3d 940, 944 (7th Cir. 2012) (noting that affidavit of qualified psychiatrist is required to establish that drug impaired defendant's ability to think). Smith has not put forth any reason why the Court should discredit his sworn testimony during the plea colloquy and now accept his representation that he was not happy with his counsel and that he did not really want to plead guilty to Counts 3, 4 and 5. The Court notes that Smith is not a babe in the woods blindly answering questions posed by the Court during the plea colloquy. He had his GED, had taken some college courses and was able to manage multi-faceted criminal activities involving drug distribution and real estate businesses as well as fraud. He had the intellectual ability to understand written documents and oral explanations of legal concepts – including the explanations given to him by the Court during the plea colloquy – and to understand and answer questions posed by the Court during the plea colloquy.

In sum, the objective evidence does not support Smith's assertion that he would not have pled guilty and would have gone to trial had Brindley interviewed more witnesses and been prepared for trial in the summer of 2011. Because Smith has not alleged anything amounting to prejudice in connection with Brindley's alleged failure to interview witnesses and prepare for trial, he is not entitled to § 2255 relief on this basis.

C. Ground 3

As with Count 2, Smith has not pointed to any objective evidence that, had Brindley's performance not been deficient in the ways alleged in Count 3, he would not have pled guilty and would instead have gone to trial.

He complains that Brindley did not communicate with him, take his phone calls, respond to

his letters or visit him during his representation in this case.   It is true that counsel has an obligation to communicate important developments to his client during the representation. *Strickland v. Washington* 466 U.S. 668, 688 (1984).   However, Smith does not explain what specific things Brindley failed to tell him or explain to him that, had he known those things, would have had a reasonable chance of causing him to go to trial instead of pleading guilty.   On the contrary, in his plea colloquies he stated that he was happy with Brindley's representation.

Smith also complains that Brindley failed to personally appear at hearings before the Court.   The Court has reviewed the proceedings in this case and notes that Brindley appeared before the Court in person for live hearings (Docs. 129, 161, 171, 198, 236 & 240), via telephone for telephone status conferences (Docs. 138 & 225), via telephone for a live hearing with the Court's permission (Doc. 284), and twice sent an associate attorney to represent Smith (Docs. 180 & 205).   Only once did Brindley simply fail to appear (Doc. 238), and the Court was able to handle that deficiency by resetting the hearing and threatening to fine Brindley for any future absences.   Smith has not alleged any reason why Brindley's appearances before the Court in this case would have been a material factor in his decision whether to plead guilty.   The Court cannot imagine a reason why they would have been.

As for Smith's allegation that Brindley (or his associate who appeared for Brindley at Smith's plea to Counts 1 and 2) failed to review the plea agreement and its effect with him until the morning of the plea, this assertion makes no sense.   Neither of Smith's pleas was pursuant to an agreement, so there was no agreement to explain.   To the extent Smith may be complaining that counsel did not explain the plea procedure and its effect, he has not specified what aspect of that procedure he did not understand at the time that, had he understood, would have had a reasonable

9

chance of causing him not to plead guilty and instead to go to trial.  Additionally, at both plea colloquies, the Court explained to Smith the charges, the possible penalties associated with them and Smith's rights as a defendant.  The Court further confirmed that Smith had reviewed the sentencing guidelines with his counsel and that he understood the guidelines were advisory.  The Court also confirmed with Smith that he would be subject to paying restitution for Counts 3, 4 and 5 and that there would be forfeiture proceedings in connection with Count 1.  The Court cannot imagine, and Smith has not specified, what more material information Brindley should have given him that would have had a reasonable chance of changing the outcome of this case.

Finally, Smith has not explained why, had counsel better explained to him that he had a right to have his plea to Counts 1 and 2 taken by an Article III judge rather than by a magistrate judge, he would have decided not to plead guilty to those counts.  At the plea colloquy to those counts, Magistrate Judge Frazier inquired as to Smith's written waiver of his right to plead in front of an Article III judge.  Smith responded that he had reviewed the waiver with his counsel, that he had read the waiver before he signed it, that he understood it when he signed it, and that he understood it at the time of the plea hearing.  Smith has not pointed to any other information about his right to plead to an Article III judge that his counsel could have conveyed to him that would have had a reasonable chance of causing him not to enter a plea of guilty and instead go to trial on Counts 1 and 2.

For these reasons, Smith is not entitled to § 2255 relief on Ground 3.

## III.    Certificate of Appealability

The Court declines to issue a certificate of appealability.  Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings and Rule 22(b)(1) of the Federal Rules of Appellate

Procedure, the Court considers whether to issue a certificate of appealability of this final order adverse to the petitioner. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Tennard v. Dretke*, 542 U.S. 274, 282 (2004); *Ouska v. Cahill-Masching*, 246 F.3d 1036, 1045 (7th Cir. 2001). To make such a showing, the petitioner must "demonstrate that reasonable jurists could debate whether [the] challenge in [the] habeas petition should have been resolved in a different manner or that the issue presented was adequate to deserve encouragement to proceed further." *Ouska*, 246 F.3d at 1046; *accord Tennard*, 542 U.S. at 282; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (certificate of appealability should issue if the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."). The Court finds that Smith has not made the required showing and, accordingly, declines to issue a certificate of appealability.

## IV.  Conclusion

For the foregoing reasons, the Court:

- **DENIES** Smith's § 2255 motion (Doc. 1);
- **DECLINES** to issue a certificate of appealability; and
- **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED:   February 15, 2017**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
